IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATHLEEN COONEY, | § | |
| | § | |
| v. | § | A-06-CA-448 SS |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATED MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint (Clerk's Doc. No. 3); Plaintiff's Brief (Clerk's Doc. No. 15); Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 20); and the Social Security Record filed in this case (Cited as "Tr."). Plaintiff appeals from the Administrative Law Judge's (ALJ) determination of no disability.

**BACKGROUND**

Plaintiff is a 49-year-old female who hurt herself while working as an R.N. in 2001. While she was in nursing school, she waited tables at a restaurant. Apparently, since being denied benefits in July 2005, she has since been determined disabled and currently receives disability benefits. Therefore, Plaintiff is now attempting to have the ALJ's decision – that she was not disabled in the time period from her August 26, 2002 disability application through the ALJ's determination of non-disability in July 2005 – reversed.[1] Plaintiff is proceeding *pro se*. The arguments in her brief are less than clear; however, her central complaint seems to be that the ALJ disregarded a number of pieces of the medical evidence in the record when she determined that Plaintiff was not disabled.

---

[1] It is worth noting that it is not germane to the present inquiry that Plaintiff was later determined disabled.

**ANALYSIS**

The Court's review is limited to determining whether the Commissioner applied the proper legal standards and whether the decision is supported by substantial evidence on the record as a whole. *Williams v. Barnhart*, 70 Fed. App'x 183, 184 (5th Cir. 2003). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990). The Court may not reweigh the evidence or try the issues de novo. *Id*. at 1022.

Here, the record shows that the ALJ applied the proper legal standards and that the Commissioner's decision is supported by substantial evidence. *Williams*, 70 Fed App'x at 184. Plaintiff's complaints consist of citing a piece of the ALJ's decision – e.g., "June 18, 2002, Scott Fillmore examination muscle testing 5/5 . . . and stable neurological exam", *see* Plaintiff's Brief at 3 – and then citing to a portion of the transcript that the ALJ allegedly ignored (and which of course ostensibly contradicts the cited portion of the ALJ's opinion). *See id*. However, the portions, to continue with Plaintiff's representative example quoted directly above, that she claims the ALJ ignored *were* noted by the ALJ in her opinion. *See* Tr. 16-17.

The larger point here is that simply because the ALJ did not specifically cite each and every piece of medical evidence considered does not establish an actual failure to consider the evidence. *Castillo v. Barnhart*, 151 Fed. App'x 334, 335 (5th Cir. 2005). Moreover, much of the evidence Plaintiff complains that the ALJ disregarded was from chiropractors. For example, Charles Wickware, a chiropractor, found that Plaintiff had a total spine impairment of 29% and Derek Buck, another chiropractor, made numerous findings that Plaintiff complains were flatly ignored. *See e.g.*, Plaintiff's Brief at 2, 3, 5, and 6. However, chiropractors are not medical doctors and the relevant regulations accord less weight to chiropractors than to medical doctors. *Castillo*, 151 Fed. App'x at 335; *see also* 20 C.F.R. § 404.1513(d)(1).

In any event, as noted above, this Court's role is simply to ensure that the ALJ's decision is supported by the substantial evidence. *Williams*, 70 Fed. App'x at 184. In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the ALJ's. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Conflicts of evidence are for the ALJ, not the court, to resolve. *Id*. If the ALJ's fact findings are supported by substantial evidence, they are conclusive. *Id*.

Plaintiff's complaints, at bottom, are simply disagreements with the weight of the evidence rather than with whether the ALJ properly discharged her duty. As noted above, the ALJ did not need to countenance the medical opinions of chiropractors, nor need the ALJ cite to every possible piece of medical evidence in the record. The ALJ reviewed the chiropractor's opinions, and noted why she disagreed – based on the Medical Expert's opinion – with the chiropractor's opinions. Tr. 16-18. The ALJ further reviewed the evidence from Doctors Fichtel and Mancini and heard testimony from Dr. King, the Medical Expert which she also reviewed in her opinion. The ALJ noted the reasons why she rejected the testimony she did not find persuasive and why she accepted the testimony she did. *See e.g.*, Tr. 19 (ALJ's opinion noting why she rejected Plaintiff's testimony about the level of side effects from her medication). In short, the ALJ's decision is supported by the substantial evidence.

Finally, Plaintiff includes two exhibits that she says she submitted to the Social Security Administration but were not included in the transcript. These records are a diagnosis of rheumatoid arthritis by a Dr. Warwick with an accompanying prescription for a wheelchair; there is also a form from a Dr. Peet noting that a past problem of Plaintiff's is rheumatoid arthritis (this looks to be the so-called "subjective complaints" area of the report).

Plaintiff is correct that the Medical Expert and the ALJ did not point out that a test she underwent to determine if she had rheumatoid arthritis came back in the "high" range; her "RA Latex

Turbid." – the test for that form of arthritis – came back at 15.8 when the normal range is 0.0 to 13.9. Tr. 18, 220.  However, the ALJ and the Medical Expert did point to a different rheumatoid arthritis test that came back high (26.0).  Tr. 406.  The ME testified that Plaintiff did not show any stigmata of active rheumatoid arthritis.  Tr. 18.  In other words, he rejected a diagnosis of rheumatoid arthritis.  Therefore, any evidence of rheumatoid arthritis that Plaintiff presents is merely cumulative of the evidence already in the record.  Moreover, the Medical Expert rejected such a diagnosis and the ALJ credited that opinion.  For new evidence to be material, there must exist the reasonable possibility that it would have changed the outcome of the ALJ's determination.  *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).  That is clearly not the case here.

## VII.  RECOMMENDATION

Given the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **AFFIRM** the decision of the Commissioner and **ENTER JUDGMENT** in favor of the Defendant.

## VIII.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466,

472-74 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 15th day of June, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE